UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D. SAMUEL GOODELL,

        Plaintiff,                         Case Number: 20-cv-11322
                                                     Honorable Thomas L. Ludington

v.

SMB PROBATION CENTER, INC., ET AL.,

        Defendants.
_____/

**ORDER OF PARTIAL DISMISSAL, DIRECTING SERVICE AND DENYING AS MOOT PLAINTIFF'S MOTION TO HOLD IN ABEYANCE**

This matter is pending before the Court on a *pro se* civil rights complaint filed by D. Samuel Goodell ("Plaintiff") under 42 U.S.C. § 1983. In 2018, Plaintiff was convicted in Wayne County Circuit Court of operating a vehicle while intoxicated – 3rd and operating while license suspended. ECF No. 1 at PageID.2. Plaintiff names six defendants: SMB Probation Center, Inc. (d/b/a TRI-CAP, Inc.), Vicki Ervin, Lupe Castillo, Heidi E. Washington, Jason Furst, and Michael Lewis. The complaint alleges these defendants violated his First Amendment right to privacy and right to freedom of speech and his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff seeks declaratory and monetary relief. For the reasons discussed, the Court will dismiss Defendants Furst, Washington, Castillo, and SMB Probation Center, Inc. (d/b/a TRI-CAP, Inc.). The Court will also dismiss Plaintiff's First Amendment right to privacy claim and his Fourth Amendment search and seizure claim.

**I.**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the

relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957) and Fed. R. Civ. P. 8(a)(2)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

## II.

On May 5, 2017, Plaintiff was released from a Michigan state prison to a fifteen-month term of parole. ECF No. 1 at PageID.3-4. As a condition of his parole, Plaintiff was prohibited from entering Bay County without his parole officer's permission. *Id.* at 4. His home is located in Bay County, so, in order to comply with the terms of his parole, Plaintiff was assigned by the Michigan Department of Corrections (MDOC) to live at the TRI-CAP facility in Saginaw, Michigan. *Id.* Plaintiff describes TRI-CAP as "an alternative to incarceration for probationers"

-2-

which "functions as a private jail." *Id.* at PageID.2. According to Plaintiff, TRI-CAP also contracts with the State of Michigan to provide a residence for parolees. *Id.* at PageID.3. Plaintiff's parole terms also required him to wear an electronic monitoring device for the first six months of his parole term. *Id.* at PageID.4.

Immediately upon his release to parole, the MDOC transported Plaintiff to TRI-CAP where he was greeted by Defendant Lupe Castillo. *Id.* Castillo informed Plaintiff that he would "be strip searched, be sprayed with chemicals, be required to submit a urine sample, and have his personal property inspected." *Id.* Goodell protested, saying that he was at TRI-CAP only for housing and the conditions of his parole required him to submit to searches only by his parole officer and law enforcement. *Id.* at PageID.5.

Defendant Vicki Ervin then approached Goodell and informed him that he needed to abide by the terms of the program or he would have to leave. *Id.* Plaintiff responded that TRI-CAP's demands violated his rights and he would file suit. *Id.* Plaintiff could not leave TRI-CAP without his parole officer's permission, so he agreed to comply with the requirements but again stated he would file a lawsuit. *Id.* at PageID.5-6. Plaintiff was then required to provide a urine sample while in full view of Defendant Castillo. *Id.* at PageID.6. Plaintiff alleges that these actions by Defendants Ervin and Castillo violated his Fourth Amendment right to be free from unlawful search and seizure. He also alleges that Defendant Castillo violated his First Amendment right to privacy by observing him while he provided a urine sample.

About fifty minutes later, Defendants Jason Furst and Michael Lewis arrived at TRI-CAP and arrested Plaintiff. *Id.* Defendant Lewis charged Plaintiff with violating his conditions of parole for engaging in threatening and intimidating behavior. *Id.* Plaintiff alleges that Defendants Furst

and Lewis pursued a parole violation charge against him in retaliation for his threat to file a lawsuit. His preliminary parole violation hearing was held at the Midland County Jail. *Id.* at PageID.8. Defendant Ervin testified that TRI-CAP had a policy of conducting the searches required of Plaintiff. *Id.* The hearing officer recommended to the parole board that Plaintiff be found guilty of engaging in threatening and intimidating behavior for telling Ervin that he would file a lawsuit. *Id.* at PageID.9. The Parole Board found Plaintiff guilty and sentenced him to 45 days jail time. *Id.* After he served his 45-day sentence, Plaintiff completed his parole term and was discharged from parole on August 6, 2018. *Id.* at PageID.10.

Plaintiff also claims that Defendants Furst and Washington failed to properly train their subordinates. *Id.* at PageID.21–27.

### III.

### A.

Plaintiff alleges that Defendants Furst and Washington violated his rights based upon their supervisory authority. He argues that Furst knew that Defendant Lewis charged him with a parole violation in retaliation for Plaintiff threatening to sue TRI-CAP and did nothing to intervene. Plaintiff also alleges that Defendant Washington, director of the MDOC, failed to train employees about a parolee's constitutional rights.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not

actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982).

Plaintiff fails to allege that defendants Furst and Washington engaged in any "active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). He, therefore, fails to state a claim against them and they will be dismissed from this action.

**B.**

Plaintiff claims that Defendants Ervin and Castillo violated his rights under the Fourth Amendment when they required him to submit to a search, breathalyzer test, and to provide a urine sample upon his arrival at the TRI-CAP facility. He further claims that TRI-CAP maintains a policy of conducting unlawful searches and seizures in violation of the Fourth Amendment.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no [w]arrants shall issue, but upon probable cause, supported by [o]ath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. But a parolee has "fewer expectations of privacy than" individuals not under supervision by the criminal justice system. *Samson v. California*, 547 U.S. 843, 850 (2006); *see also United States v. Noel*, 659 F. App'x 284, 286 (6th Cir. 2016) (holding that the "Fourth Amendment's warrant and probable-cause requirements do not apply to parolees to the same extent as other citizens"). Under Michigan law, prospective parolees must provide "written consent to

submit to a search of his or her person or property upon demand by a peace officer or parole officer." M.C.L. § 791.236(19).

Plaintiff concedes that the terms of his parole required him to submit to searches of his person and property by a parole officer or law enforcement officer. ECF No. 1 at PageID.11. He argues that he was not required to consent to a search by Defendants Castillo and Ervin because they are neither parole officers nor law enforcement officers. Plaintiff does not identify any caselaw holding that, in circumstances where a parolee has consented to searches as a condition of parole, the parolee has a specific constitutional right for the search to be conducted by a particular person. Accordingly, Plaintiff fails to state a Fourth Amendment claim upon which relief may be granted against Defendants Castillo and Ervin.

Plaintiff's claim that TRI-CAP has a policy or custom of conducting unlawful searches and seizures on parolees is also meritless. A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). "There can be no liability … without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). Because the Court has found no underlying Fourth Amendment violation, Plaintiff fails to state a claim against TRI-CAP.

### C.

Next, Plaintiff argues that Defendant Castillo violated his right to privacy under the First Amendment by observing him provide a urine sample and that TRI-CAP's policy or custom led to this violation. The First Amendment protects the right to "privacy of association and belief'" not the right to privacy in one's own body. *Brown v. Socialist Workers '74 Campaign Committee*

*(Ohio)*, 459 U.S. 87, 91 (1983) (quoting *Buckley v. Valeo*, 424 U.S. 1, 64 (1976)). Because Plaintiff does not allege a violation of his right to privacy of association and belief, he fails to state a First Amendment right to privacy claim. This is Plaintiff's only claim against Defendant Castillo, so he will be dismissed from this action. Further, because there is no underlying constitutional violation, Plaintiff fails to state a claim against TRI-CAP.

**IV.**

Plaintiff has filed motion to hold this case in abeyance because the only library located reasonably close to his home with free public Westlaw access is closed to the public pursuant to a stay-at-home order issued by Governor Gretchen Whitmer. ECF No. 3. Since the time Plaintiff filed this motion, circumstances in Michigan have changed. On June 1, 2020, Governor Whitmer lifted the stay-at-home order and loosened other restrictions. *See* Mich. Exec. Order No. 2020-110, available at https://bit.ly/2XXGN6K; Mich. Exec. Order No. 2020-115, available at https://bit.ly/31RcdwS. The Court will dismiss Plaintiff's motion without prejudice to his right to renew his request to hold the case in abeyance should he continue to have difficulty accessing the public library.

**V.**

Accordingly, it is **ORDERED** that Defendants Jason Furst, Heidi Washington, Lupe Castillo, and SMB Probation Center, Inc. (d/b/a TRI-CAP, Inc.) are **DISMISSED**.

It is further **ORDERED** that Plaintiff's First Amendment right to privacy claim and his Fourth Amendment search and seizure claim are **DISMISSED**.

It is further **ORDERED** that a copy of Plaintiff's Complaint and a copy of this Order be served upon Defendants Vicki Ervin and Michael Lewis by the United States Marshal without prepayment of costs.

It is further **ORDERED** that Plaintiff's Motion to hold this case in abeyance, ECF No. 3, is **DENIED**.

Dated: September 17, 2020                  s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served **D. Samuel Goodell,** P.O. Box 754, Bay City, MI 48707 by first class U.S. mail on September 17, 2020.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager