UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| D. SAMUEL GOODELL,<br>　　　　　　　　Plaintiff,<br>v.<br><br>MICHAEL LEWIS,<br>　　　　　　　　Defendant.<br>_____/ | Case No. 20-11322<br><br>Thomas L. Ludington<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 69).

Plaintiff D. Samuel Goodell, proceeding *pro se*, filed this matter on May 4, 2020. (ECF No. 1). This matter is currently before the Court regarding Defendant's motion for summary judgment. (ECF No. 69). This case has been referred to the undersigned for all pretrial matters. (ECF No. 11).

I.　　STANDARD

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might

1

affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion for summary judgment, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a

genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema*, *N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

## II. ANALYSIS

The sole remaining claim in this case is a First Amendment retaliation claim against Defendant Michael Lewis. (ECF No. 9). On March 22, 2023, Defendant Lewis moved for summary judgment. (ECF No. 69).

The facts here surround a conflict related to Plaintiff's parole and release from custody. (ECF No. 1). On May 5, 2017, Plaintiff was released from custody on a parole period of 15 months. (*Id.* at PageID.3-4). One of Plaintiff's parole conditions is that he was prohibited from entering Bay County without his parole officer's permission, but Plaintiff's home is in Bay City, so Plaintiff was assigned by the Michigan Department of Corrections ("MDOC") to the Tri-Cap facility in Saginaw, Michigan for his housing. (*Id.*).

In order to stay at the Tri-Cap facility, Plaintiff needed to go through Tri-Cap's intake process. (ECF No. 69-5, PageID.720). Plaintiff had to submit to a breathalyzer test, give a urine sample, be strip searched, "sprayed with chemicals,"[1] and have his property searched. (ECF No. 1, PageID.6, PageID.12).

Upon arrival, an employee, former Defendant Lupe Castillo, approached Plaintiff with a breathalyzer machine and Plaintiff told the employee he was only at Tri-Cap for housing and that the conditions of his parole only required him to

---

[1] It appears the "chemicals" were a treatment for lice. (ECF No. 72, PageID.770). Plaintiff alleges he had a "Due Process right under the Fourteenth Amendment to refuse Lupe Castillo's treatment of non-existent lice infestation." (*Id.*).

submit to searches by his parole officer and law enforcement, and no one else. (*Id.* at PageID.4-5). A different employee, former Defendant Vicki Ervin, came to speak with Plaintiff. Plaintiff reiterated that his parole only required him to submit to search by his parole officer and law enforcement. Ervin told Plaintiff that he would have to follow the program or leave. Plaintiff informed Ervin that he had been a first-year law student, knew his rights, that "these demands were in violation of those rights and that he would bring suit." (*Id.* at PageID.5).

Ervin then asked Plaintiff if he was going to comply. Plaintiff suggests that he would have violated the conditions of his parole had he left the Tri-Cap facility without Defendant Lewis' permission, so Plaintiff stated he would comply, but that he would bring suit. (*Id.* at PageID.5-6). Ervin departed the area and Castillo ordered Plaintiff into the restroom, provided Plaintiff with a urine sample container, and ordered Plaintiff to fill it. (*Id.* at PageID.6). After Plaintiff gave the urine sample, an employee, who Plaintiff does not identify, came to the bathroom door and said "[h]e isn't staying." (*Id.*). Castillo then ordered Plaintiff to dump out the urine sample and wait in the lobby. (*Id.*).

Plaintiff's sister, Dottie Taylor, arrived while Plaintiff was waiting. Taylor attempted to call Defendant Lewis, but could not reach him. After Plaintiff had been waiting for about 50 minutes, Defendant Lewis and former Defendant Jason Furst arrived. (*Id.* at PageID.7). Furst confirmed Plaintiff's identity, searched

5

Plaintiff, and allowed Plaintiff to give his watch and money to Taylor before Furst handcuffed Plaintiff and placed him in the back seat of his car. (*Id.*). Furst and Lewis took Plaintiff to the Midland County Jail and booked him on a parole violation detainer. (*Id.*).

Lewis charged Plaintiff with violating the conditions of his parole for engaging in threatening and intimidating behavior. (*Id.*). A preliminary parole violation hearing for Plaintiff was held. (*Id.* at PageID.8). Plaintiff alleges the parole board found Plaintiff guilty of engaging in threatening and intimidating behavior for telling Ervin that he would bring suit. (*Id.* at PageID.9). Plaintiff was sentenced to 45 days in the county jail. (*Id.*). Subsequently, Plaintiff's sister rented an apartment in Saginaw for herself and Plaintiff to reside in. (*Id.* at PageID.9-10). Plaintiff completed his parole and was discharged on August 6, 2018. (*Id.*).

To succeed on a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action[2] was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To prevail on

---

[2] Defendant Lewis appears to concede that the parole violation would constitute an adverse action against Plaintiff because Defendant makes no arguments to the contrary. (ECF No. 69).

a retaliation claim, retaliatory motive "must be a 'but-for' cause [of the injury], meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1721 (2019).

As to whether Plaintiff engaged in protected activity, filing a civil rights lawsuit generally constitutes protected activity. *Dean v. Conley*, 198 F.3d 244, at *2 (6th Cir. 1999) ("A prisoner has a First Amendment right of access to the courts, including the filing of civil rights claims.") (table decision); *Hedlund v. Jones*, No. 1:22-CV-355, 2022 WL 1590673, at *3 (W.D. Mich. May 19, 2022) ("Filing a civil rights lawsuit constitutes protected conduct.") (citing *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002)). Some courts have concluded threats to sue can also be protected conduct. *Hoffman v. Crites*, No. 21-10703, 2021 WL 8013873, at *4 (E.D. Mich. Nov. 23, 2021), *report and recommendation adopted*, No. 21-10703, 2022 WL 866400 (E.D. Mich. Mar. 23, 2022) ("and threats to sue may be protected conduct as well.") (citing *Dean*, 198 F.3d at *2). At any rate, threats to file frivolous lawsuits are not protected activity. *Wade-Bey v. Fluery*, No. 2:07-CV-117, 2008 WL 2714450, at *6 (W.D. Mich. July 8, 2008) ("Although it is well established that prisoners have a constitutional right of access to the courts. . . . the filing of a frivolous lawsuit would not be protected activity. Because it would be virtually unheard of for a prisoner to prevail in a lawsuit complaining of deprivation of a single meal, the court cannot assume that

7

plaintiff's threat to sue Fluery constituted protected conduct."); *Henry v. Dinelle*, No. 9:10-CV-0456 GTS/DEP, 2011 WL 5975027, at *7 (N.D.N.Y. Nov. 29, 2011) ("Of course, filing a court action that is frivolous is not constitutionally protected activity.").

A lawsuit is frivolous when the suit "lacks an arguable basis in law or in fact." *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. July 31, 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Frivolous*, Black's Law Dictionary (11th ed. 2019) ("[l]acking a legal basis or legal merit; manifestly insufficient as a matter or law."). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The undersigned suggests the threat of a lawsuit by Plaintiff is frivolous because Plaintiff's threat to sue was related to a Fourth Amendment claim that the Court sua sponte dismissed for failure to state a claim. (ECF No. 9, PageID.63). The undersigned suggests that Plaintiff's threat was not protected activity because his Fourth Amendment claim was meritless as discussed in this Court's prior ruling. (*Id.*). Therefore, it would appear that Plaintiff's threat to sue was based on a frivolous claim and is not protected activity. Yet, even assuming Plaintiff's threat of a frivolous lawsuit could constitute protect activity, Plaintiff's claim still fails because he cannot prove causation.

8

At the summary judgment stage, the Sixth Circuit employs a burden-shifting approach about this causal requirement:

> Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment.

*Thaddeus-X*, 175 F.3d at 399; *see also Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007); *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (reiterating that a First Amendment retaliation claim requires evidence of "but for" causation).

Plaintiff notes that Lewis and Furst took him into custody less than an hour after Plaintiff threatened to sue. (ECF No. 1, PageID.17). But simply because one event precedes another by some unspecified amount of time does not automatically show retaliation. *See Coleman v. Bowerman*, 474 F. App'x 435, 437 (6th Cir. 2012) (holding that temporal proximity to the filing of a grievance is insufficient because any adverse action "would likely be in 'close temporal proximity' to one of [the plaintiff's] many grievances or grievance interviews"); *cf. Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (noting that "conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive"). Here, all that Plaintiff alleges is a close proximity between his threat to sue Ervin and Lewis' issuance of the parole violation charge. That cannot by itself show

retaliatory motive because he has no *evidence* that Lewis issued the violation as retaliation for the threat to sue.

Even assuming Plaintiff's allegations were sufficient to allege that the threat to sue was a motivating factor, his argument fails because Lewis would have taken the same action in the absence of the protected activity. A condition of Plaintiff's parole is that he "must not engage in assaultive, abusive, threatening, or intimidating behavior." (ECF No. 69-10, PageID.737). Tri-Cap reported Plaintiff was "very abusive" when the facility issued a rule violation to Plaintiff. (ECF No. 69-5, PageID.720). While one portion of Plaintiff's abusive behavior appears related to his threat to sue, Plaintiff engaged in other behavior at the Tri-Cap intake that appears to violate his parole. The Tri-Cap rule violation states Plaintiff was "very abusive and non[-compliant] with staff. He was very loud and argumentative [and] refused to go through any intake process stating he was only [at Tri-Cap] for housing." (*Id.*). The rule violation does include that Plaintiff stated he planned to sue Tri-Cap, but Plaintiff's threat to sue is not the only instance of abusive behavior discussed in the rule violation.

Defendant Lewis indicates he issued the parole violation because Plaintiff violated his parole by engaging in "assaultive, abusive, threatening, or intimidating behavior." (ECF No. 69-4, PageID.716). The undersigned suggests that Plaintiff cannot demonstrate causation because Defendant would have taken the same

10

action absent Plaintiff's threat to sue because Plaintiff violated the terms of his parole.

In response, Plaintiff raises arguments related to his Fourth Amendment claims. The Court dismissed Plaintiff's Fourth Amendment claims in September 2020 and will not reconsider that dismissal now. (ECF No. 9). Next, Plaintiff appears to be arguing that the parole violation charge issued by Defendant Lewis was not substantiated because "[Lewis] did not perform any sort of meaningful investigation into what occurred at Tri-Cap[.]" (ECF No. 72, PageID.774). Plaintiff asserts Lewis "merely took Vicki Ervin's account at face value, and acted upon her statements to him." (*Id.*). These arguments have no bearing on the merit of Plaintiff's retaliation claim. Plaintiff next argues that Defendant Lewis made a false statement because Lewis stated the reason he took Plaintiff to the Midland County Jail was because Plaintiff had no housing available. (*Id.*). Plaintiff argues he was not given an opportunity to find housing other than Midland County Jail. (*Id.* at PageID.775). These allegations also have no bearing on the merits of Plaintiff's retaliation claim.

Plaintiff also argues that he need not demonstrate the retaliatory motive was the sole factor in Lewis' decision to take adverse action, merely that he must demonstrate that Lewis was motivated in part by Plaintiff's protected conduct when taking the adverse action. (*Id.* at PageID.777). The Supreme Court has been

11

clear in addressing the standard governing causation for retaliation claims: "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves*, 139 S. Ct. at 1722 (emphasis in original) (citing *Hartman v. Moore*, 547 U.S. 250, 260 (2006)). Plaintiff's arguments to the contrary are unavailing.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendant's motion for summary judgment be **GRANTED,** and this matter be **DISMISSED.** (ECF No. 69).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 29, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

   The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 29, 2023.

               s/Kristen MacKay
               Case Manager
               (810) 341-7850